UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARABJIT SANGHA,<br>    Plaintiff,<br>    v.<br>CIGNA LIFE INSURANCE COMPANY OF NEW YORK,<br>    Defendant. | Case No. 17-cv-05158-HSG<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 29 |

This matter involved the review of a denial of long-term disability benefits under a group insurance plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* Dkt. No. 37 (discussing factual background). In support of motions for judgment as a matter of law, the parties cited and relied on Plaintiff Sarabjit Sangha's Claim File with Defendant Cigna Life Insurance Company of New York ("CLICNY"). In anticipation of those motions, Plaintiff filed the pending administrative motion to file under seal the CLICNY Claim File, which contains a "voluminous amount of private medical information in the record that is irrelevant to the issues in [this action]." Dkt. No. 29. No party in this action sought to seal any information referenced in the parties' briefs or the Court's opinions.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To

overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation

omitted).

## II. ANALYSIS

The Claim File Plaintiff seeks to seal is more than tangentially related to the underlying cause of action, and the Court therefore applies the "compelling reasons" standard. The Claim File, however, consists of highly sensitive and otherwise confidential medical records and documents. And the Court finds that the public's interest in disclosure of this information is low, because information in the Claim File germane to the merits of this case has not been sealed. The Court thus finds that the sensitive nature and intended confidentiality of this information meets the compelling reasons standard. Accordingly, the Court **GRANTS** the motion to seal.

**IT IS SO ORDERED.**

Dated: 2/15/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge